## CHARLESTOWN *vs.* HUBBARD, Adm'r.

No action will lie in favor of a town against a pauper, to recover monies expended by such town for his support, even though the pauper afterwards come into the possession of property.

This was an appeal from the determination of the commissioner of insolvency on the estate of Ephraim Carpenter. In the year 1819, Carpenter, having his settlement in Charlestown, and standing in need of relief, applied to the selectmen of Charlestown, and was maintained by said town from that time till the year 1833—during which period the sum of $667.74 had been expended for his support. In the year 1833 the said Carpenter became entitled to a pension of $440.00 per annum, from March, 1831, as a soldier of the revolution. Carpenter died in 1834, leaving in the hands of his agent a balance of about $900, which had accrued from said pension, and which had since been paid to the defend-

ant, his administrator. In 1836, the town of Charlestown presented the amount thus expended by them as a claim against the estate of said Carpenter, which was disallowed, and this appeal thereupon taken.

*Gilchrist*, for the plaintiff.

*Hubbard, pro se.*

WILCOX, J. Our laws provide, that all persons poor and in need of relief, and having no relations within certain degrees, of ability to maintain them, shall be relieved and maintained by the towns where they have their legal settlement; and in default of any legal settlement in this state, they are to be maintained at the expense of the county. The present case presents the question, whether such relief so afforded creates a debt due from the pauper to the town.

Charitable relief afforded to an individual, although at his own request, gives no cause of action against him, even if he be afterwards of sufficient ability to repay. It is a gift, and cannot be reclaimed. So, in the eye of the law, of the relief afforded to a pauper. It is a charity and a gift to relieve present distress; and it would seem quite unreasonable that the town should have the right to commence a suit against their pauper, arrest his body, and throw him into jail, which is the necessary result, if furnishing the relief creates a debt.

If a debt does not arise from the relief furnished, it is quite difficult to perceive upon what principle the subsequent acquisition of property can create a legal obligation; and more especially where the property acquired, as in the present case, is exempt from attachment for the debts and liabilities of its possessor.

The question has been adjudicated in some of our sister states; and it has been held, in conformity with the opinion now expressed, that an action will not lie, by a town to recover back monies expended for the support of a pauper.

*Judgment for the defendant.*